## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

**In re:**

    **MARK S. FORGE,**            **Chapter 7**
          **Debtor**                 **Case #: 10-42082-MSH**

### MOTION TO ALLOW EXAMINATION PURSUANT TO RULE 2004 OF MARK S. FORGE

NOW COMES Barbara Barrett (hereinafter, "Barrett"), a pre-petition creditor of the above referenced Debtor (hereinafter "Debtor"), through her counsel and respectfully requests the leave of this Court to authorize Barrett to make a Rule 2004 examination of certain of the Debtor's financial records and require the Debtor's appearance to submit to a deposition twenty-one (21) days following the full disclosure of all documents requested herein. Barrett makes this request pursuant to Fed. R. Bankr. P. 2004.

In support thereof, Barrett states the following:

### JURISDICTION, VENUE, AND STATUTORY AUTHORITY

1. This Court has jurisdiction over this Motion pursuant to § 1334 and § 157 of Title 28 of the United States Bankruptcy Code as well as the order of reference of the United States District Court for the District of Massachusetts.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(E)(H) and (O).

3. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409.

4. The statutory predicates for relief requested in the Motion are 11 U.S.C. § 105 and Rule 2004 of the Federal Rules of Bankruptcy Procedure.

5. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy

Court may order the examination of any entity (Fed. R. Bankr. P. 2004). Rule 2004 further provides that "[t]he examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004. "[A] large latitude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealing, or otherwise, for the purposes of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor . . . The examination is of necessity to a considerable extent a fishing expedition." In re: GHR Energy Corp., 33 B.R. 451,453(Bankr. D. Mass. 1983) see also In re: Bazemore, 216 B.R. 1020 (Bankr. S.D. Ga. 1998).

## PROCEDURAL STATUS

1. On April 27, 2010, the Debtor, Mark S. Forge filed the within Chapter 7 bankruptcy petition with this Court.

2. On or about July 18, 2011, Barbara Barrett obtained a pre-petition Judgment as against the Debtor in the Connecticut State Court in In re: Barrett, Barbara v. Forge, Mark, Case #: HHD-CV-08-5021649-S.

3. On December 14, 2010, the Debtor obtained his Chapter 7 discharge.

4. On January 23, 2013, the Debtor filed a motion to reopen his Chapter 7 insofar as he failed to list Barrett's unsecured claim in the approximate sum of $75,000 in his Chapter 7 Schedules (see document # 28 on the Debtor's docket report).

5. On March 7, 2013, the Court set a deadline of May 6, 2013 for Barrett to file an objection to Debtor's discharge or a complaint objecting to the dischargeability of the debt owed to

her.

6. The Debtor, according to the complaint filed in the Connecticut State Court, borrowed approximately $75,000 from Barrett in three (3) installments ($16,000 on April 29, 2002, $31,710 on May 13, 2002 and $31,000 on January 20, 2003) (hereinafter, the "loan" and/or "loans"). Each one of the installments was a loan to the Debtor for a specific purpose.

7. On information and belief, Barrett believes that the aforesaid loans were used by the Debtor for purposes other than those represented by the Debtor to Barrett. At the time Barrett provided the Debtor with the loans, she relied upon the representations made by Debtor inasmuch as the parties were in a romantic relationship.

8. The aforesaid loans were, on information and belief, made under false pretenses, false representation and/or actual fraud.

## SCOPE OF EXAMINATION

9. Barrett requests that the Debtor provide Barrett with any and all records or statements related to any bank account which held funds derived from Barrett's loan in the relevant time period, i.e. April 29, 2002 – October 31, 2003, and any such records which demonstrate the ultimate recipients and purpose for which these funds were used. These documents must be produced within forty-five (45) days of the date of this request.

10. Barrett requests the Debtor provide any state or federal income tax returns, transcripts, and/or equivalent documents prepared by or on behalf of the Debtor or any entity controlled by the Debtor for the years 2002, 2003, and 2004. These documents must be produced within forty-five (45) days of the date of this request.

11. Furthermore, the Debtor must appear at the office of counsel of Barrett's counsel, Carl D.

Aframe, Esq., Aframe & Barnhill, P.A., 390 Main Street, Suite 901, Worcester, MA 01608 to be deposed regarding the circumstances surrounding this loan and how the loan proceeds were subsequently used.  Such deposition shall take place twenty-one days (21) following full disclosure of all documents requested herein.  Counsel for Barrett will send the Debtor notice of the specific date and time such deposition will occur after full compliance with request for production of documents.

WHEREFORE Barbara Barrett respectfully requests leave of the Court to allow her to make a Rule 2004 examination of the Debtor, Mark S. Forge, which will involve a request for the production of the documents referenced above to be completed within forty-five (45) days, any other information relevant to the use of the loan(s) proceeds provided by Barrett, and a deposition of the Debtor at a date and time to be determined by Barrett and such other further relief as is just and proper.

Barbara Barrett, by her counsel:

*/s/ Carl D. Aframe*

Carl D. Aframe, Esq., BBO #012780
Aframe, Barnhill, P.A.
390 Main Street, Suite 901
Worcester, MA 01608
(508) 756-6940
(508) 753-8219 Fax
aframe@aframebarnhill.com

Date: June 6, 2013

## **CERTIFICATE OF SERVICE**

I, Carl D. Aframe, do hereby certify that upon receipt of the electronic notice, I served a copy of the within <u>Motion to Allow Examination Pursuant to Rule 2004 of Mark S. Forge</u> by mailing the same to any of the parties below who are not deemed to have consented to electronic notice or service:

Richard King, Esq.
Lisa D. Tingue, Esq.
446 Main Street, 14th Floor
Worcester, MA 01608
**Attorney for U.S. Trustee**

David Nickless, Esq.
625 Main Street
Fitchburg, MA 01420
**Chapter 7 Trustee**

James P. Ehrhard, Esq.
Ehrhard & Associates, P.C.
418 Main Street, 4th Floor
Worcester, MA 01608
**Attorney for Debtor**

Mark S. Forge
130 Barnard Road
Worcester, MA 01605
**Debtor**

*/s/ Carl D. Aframe*
_____
Carl D. Aframe, Esq. (BBO #012780)
aframe@aframebarnhill.com

Date: June 6, 2013